UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATRINA BRIDGES ON BEHALF OF HER MINOR CHILD, K.B., | CIVIL ACTION<br><br>NO: |
| Plaintiff | SECTION: "    " |
| Versus | |
| | MAGISTRATE: |
| CITY OF NEW ORLEANS, CITY OF NEW ORLEANS MAYOR MITCHELL "MITCH" J. LANDRIEU, NEW ORLEANS POLICE DEPARTMENT, NEW ORLEANS POLICE DEPARTMENT SUPERINTENDENT MICHAEL S. HARRISON AND TERRANCE SAULNY | |
| Defendants | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Katrina Bridges on behalf of her minor child, K.B.  Plaintiff, a person of the full age of majority and citizen of the State of Louisiana and the United States of America, submits this Complaint against Defendants, City of New Orleans, City of New Orleans Mayor Mitchell "Mitch" J. Landrieu, New Orleans Police Department, Superintendent of Police of New Orleans Police Department Michael S. Harrison and Terrance Saulny, stating as follows:

## PARTIES TO THE ACTION

1. **Plaintiff, KATRINA BRIDGES** is a person of the full age of majority, residing and domiciled in the Parish of Orleans, State of Louisiana, who asserts this action on behalf of her minor child, **K.B.**  The minor child's father is an absentee.

2. **Defendant, THE CITY OF NEW ORLEANS, LOUISIANA,** (CITY) made

Defendant herein, is a political subdivision of the State of Louisiana and a municipal corporation, which was at all relevant times the employer of the NEW ORLEANS POLICE DEPARTMENT (NOPD) personnel named as Defendants herein.  Defendant CITY is directly liable for the acts, complained of herein due to the policies, practices, procedures and customs of its police department and its employees.  It is also responsible for the hiring, training, supervision, discipline and control of the NOPD personnel named as Defendants herein as well as any other named police employees and supervisors who had responsibility for the acts and omissions described herein as well as the training, supervision, discipline and control of the officers under the control and supervision of the NOPD.  Defendant CITY is also vicariously liable for the actions of its employees and officers as described herein, under state law.

3.      **Defendant, Mitchell "Mitch" J. Landrieu**, was the Mayor of the City of New Orleans, at all pertinent times herein.  As the Mayor of the City of New Orleans, Defendant Mitch Landrieu is liable for CITY's actions in relation to the employment of NEW ORLEANS POLICE DEPARTMENT (NOPD) personnel named as Defendants herein. Defendant Mayor Mitch Landrieu is directly liable for the acts, complained of herein due to the policies, practices, procedures and customs of CITY's police department and its employees.  He is also responsible for the hiring, training, supervision, discipline and control of the NOPD personnel named as Defendants herein as well as any other named police employees and supervisors who had responsibility for the acts and omissions described herein as well as the training, supervision, discipline and control of the officers under the control and supervision of the NOPD.  Defendant Mayor Mitch Landrieu is also vicariously liable for the actions of CITY's employees and officers as described herein, under state law.

Mayor Landrieu is sued in his official capacity. At all pertinent times herein he was acting under color of law and in the course and scope of his position as Mayor of the City of New Orleans. He is a policymaker for the CITY relating to police training, practices, policies, customs and procedure.

4.   **Defendant, NEW ORLEANS POLICE DEPARTMENT (NOPD)** is a political subdivision of the State of Louisiana, which was at all relevant times the employer of the NOPD personnel named as Defendants herein. Defendant NOPD is directly liable for the acts, complained of herein due the policies, practices, procedures and customs of its police department and its employees. It is also responsible for the hiring, training, supervision, discipline and control of the NOPD personnel named as Defendants herein as well as any other named police employees and supervisors who had responsibility for the acts and omissions described herein as well as the training, supervision, discipline and control of the officers under the control and supervision of the NOPD. Defendant NOPD is also vicariously liable for the actions of its employees and officers as described herein, under state law.

5.   **Defendant, MICHAEL S. HARRISON** was the Interim and in turn Superintendent of Police for the New Orleans Police Department for the City of New Orleans, at all times pertinent herein. He is responsible for the policies, practices, customs and procedure of the NOPD, as well as the hiring, training, supervision, discipline and control of police officers under his command, including the NOPD Defendants named and referenced herein. He is sued in his official capacity. At all pertinent times herein he was acting under color of law and in the course and scope of his employment with CITY. He was a policymaker for the CITY relating to police training, practices, policies, customs and

procedure.

6. Defendant, **TERRANCE SAULNY** was employed as a police officer for the New Orleans Police Department for the City of New Orleans at all times pertinent herein. He was assigned to the New Orleans Police Department's Juvenile Bureau, during the relevant time period identified herein.

7. At all times material throughout this complaint, each of the Defendants were acting under color of state law, ordinance and/or regulation, and in the course and scope of their employment with the City of New Orleans and/or the New Orleans Police Department.

8. All natural persons identified as parties herein are of the full age of majority, citizens of the United States, and upon information and belief are all residents of Orleans Parish or another parish in this Court's jurisdiction located in the State of Louisiana.

## JURISDICTION AND VENUE

9. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, and § 1343. This is an action authorized by 42 U.S.C. § 1981, et seq., especially the right against cruel and unusual punishment, guaranteed the Plaintiff's minor child, by the Eighth Amendment to the United States Constitution, 42 U.S.C § 1983, due to a severe deprivation of rights, as well as the laws of the State of Louisiana.

10. This Honorable Court's supplemental jurisdiction is also invoked, pursuant to 28 U.S.C. § 1367, as to all matters cognizable under Articles 1, 2 (due process), 3 (individual dignity), and 9 (petition) of the Louisiana Constitution of 1974 and dialectal laws of the State of Louisiana, including Article 2315 of the Louisiana Civil Code.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) since the Defendants reside, or at the time the events took place, resided in the judicial district, and the events giving rise to the

claims asserted in this Complaint occurred in this judicial district as well.

## SUMMARY OF THE CASE

12.     This is an action against Defendants the City of New Orleans, Mayor Mitch Landrieu, New Orleans Police Department, New Orleans Police Department Superintendent Michael S. Harrison and Terrance Saulny by Katrina Bridges a private citizen, on behalf of her minor child, K.B., who was severely injured by the negligence of the Defendants, and whose rights, privileges, and immunities that are guaranteed to all citizens, were denied under color of law by the Defendants through direct, negligent and/or intentional acts.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

13.     On September 23, 2014, the minor child, K.B. was arrested and taken into custody and brought to the Youth Study Center, located in Orleans Parish by officers of the New Orleans Police Department.

14.     While in a holding cell on this date, Defendant, Officer Terrance Saulny of the New Orleans Police Department utilized unnecessary and excessive force on the minor female, which included, but is not limited to shoving the minor child; slamming the minor child on the ground in the process of which forcibly causing the minor child to hit her face on the cell bench; pushing the minor into the side of the cinder block holding cell wall; putting his forearm in her neck area; and striking the minor child on multiple occasions with four-point metal restraints in her head and face area, as well as other parts of her body, including the minor child's shoulder and hip, while utilizing vulgarity.

15.     After Officer Saulny used unnecessary and excessive force on the minor female child, Emergency Medical Service was contacted, however the minor child was not provided the required care by the EMS personnel and she was not transported to a hospital, although

the minor was bleeding and visibly injured.

16. It was subsequently determined, that as a result of the unnecessary and excessive force utilized by Officer Saulny, the minor child sustained serious physical damages, some of which necessitated surgery.

17. The minor child has also suffered from mental damages, as a result of the unnecessary and excessive force utilized by Officer Saulny.

18. Following the September 23, 2014 incident, investigations by the New Orleans Police Department, Federal Bureau of Investigation and Office of Independent Police Monitor City of New Orleans were instituted.

19. Officer Terrance Saulny was placed on unpaid suspension from the New Orleans Police Department in September 2014, following the incident.

20. Officer Saulny was subsequently terminated by the New Orleans Police Department on June 11, 2015, as a result of his use of excessive force on the minor child.

## **COUNT I – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE**

21. Plaintiff repeats and incorporates the allegations of paragraphs one through nineteen (1-19) as though fully pled and stated herein.

22. Officer Terrance Saulny was acting within the scope of his employment with CITY and NOPD, as an NOPD officer, under the color of state law and pursuant to the policy, custom and/or usage of the New Orleans Police Department.

23. The aforementioned conduct of Officer Saulny constituted excessive force in violation of Plaintiff's minor child's rights guaranteed by the Constitution of the United States of equal protection and to not be subjected to the use of excessive force.

24. As a result of Officer Saulny's use of unnecessary and excessive force the minor

child has suffered injuries, including physical pain and suffering, mental pain and suffering and emotional distress.

25. As a result of Officer Saulny's use of unnecessary and excessive force Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983, including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

26. Plaintiff also seeks punitive damages against Officer Saulny based on his conduct, which constitutes deliberate indifference, wilful conduct and intentional conduct towards the public, but specifically Plaintiff's minor child, which caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff Katrina Bridges, on behalf of her minor child, K.B. prays for judgment awarding damages against Defendants, whose constitutional violations, civil rights violations, misconduct, and acts and omissions as set forth herein caused the minor child's injuries, and for all damages allowed by law including compensatory damages, punitive damages, costs and attorney's fees.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983 – POLICY & CUSTOM

27. Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-five (1-26) as though fully set pled and stated herein.

28. At all relevant times, the employees, agents, and/or officers of Defendants CITY and NOPD, including Officer Saulny, were acting under the color of state law.

29. At all relevant times, the employees, agents, and/or officers of Defendants CITY and NOPD, including Officer Saulny were acting pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendants CITY and NOPD.

30.     Defendants CITY and NOPD, including these Defendants' agents, employees, and/or officers, together with other CITY and NOPD policymakers maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

   a. Using excessive force;

   b. Providing inadequate training regarding how to detain suspects and proper amount of force appropriate, in general and specifically relating to minors;

   c. Providing inadequate training regarding how to intervene to stop other officers from using excessive force in detaining suspects;

   d. Providing inadequate training regarding how to detain mentally ill persons in general, and specifically mentally ill minors and the proper amount of force appropriate in detaining such mentally ill persons;

   e. Employing and retaining as police officers individuals, such as Defendant, Terrance Saulny, who the Defendants CITY and NOPD knew or reasonably should have known had dangerous propensities for abusing authority and for using excessive force on minor detainees and other citizens;

   f. Inadequately supervising, training, controlling, assigning, and disciplining NOPD officers and other personnel, including Defendant, Terrance Saulny, who Defendants CITY and NOPD knew or in the exercise of reasonable care should have known had the aforementioned propensity and character traits; and/or

   g. Maintaining a policy of inaction and an attitude of indifference towards increasing numbers of excessive force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal

prosecution who participate in excessive use of police force.

31. CITY and NOPD had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having such knowledge, the Defendants condoned, tolerated and through Defendants' own actions or inactions thereby ratified such policies. Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff's minor child.

32. As a direct and proximate result of the Constitutional right violations caused by the employees, agents, officers and/or policymakers of the Defendant CITY and NOPD, Plaintiff's minor child suffered violation of her Constitutional rights guaranteed to her by the United States Constitution, and suffered severe physical and emotional injuries.

33. Plaintiff's minor child suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988, as a result of Defendants, CITY, NOPD and Officer Saulny's actions and/or inactions.

WHEREFORE, Plaintiff Katrina Bridges, on behalf of her minor child, K.B. prays for judgment against Defendants awarding compensatory damages, attorneys' fees, special damages, punitive damages, including costs and fees pursuant to 42 USC § 1988, and for any further relief this Court deems just, individually, jointly, and severally.

## COUNT III – EXCESSIVE FORCE (TERRANCE SAULNY)

34. Plaintiff repeats and incorporates the allegations of paragraphs one through thirty-three (1-33) as though full pled and stated herein.

35. This is an action for damages against Defendant former NOPD Officer, Terrance Saulny for the assault, battery and excessive force used against Plaintiff's minor child.

36. At all times relevant hereto, Defendant Saulny, was acting under the color of state law and within the scope of his employment with CITY and NOPD.

37. At all times relevant hereto, Defendant former NOPD Officer Saulny, owed Plaintiff's minor child a duty to exercise reasonable care for the minor child's safety and to avoid unnecessarily harming her.

38. Defendant Saulny, breached that duty by slamming the minor child on the ground, pushing the minor child into a cinder block holding cell wall, pushing his forearm in the minor child's neck area and striking Plaintiff's minor child on multiple occasions with four-point metal restraints, as more fully set out above, despite the officer's knowledge that this type of excessive force was not necessary, provided (1) this was a minor female child who was not a threat to anyone else; (2) the minor female child weighed substantially less than the Officer; and (3) the Officer knew or should have known that the minor child suffered from a mental illness.

39. Moreover, Defendant Saulny breached that duty by continuing to exercise unreasonable and unnecessary force against the minor child even after she was handcuffed.

40. As a direct and proximate result of the negligent and intentional misconduct of Defendant, former NOPD Officer Saulny, including the use of excessive force, Plaintiff's minor child suffered substantial injuries.

41. Defendant Saulny's misconduct was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and wilful disregard of human rights, safety, or property.

42. Resulting from Defendant Saulny's use of excessive force, as set forth above, Plaintiff's minor child suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering and emotional distress.

WHEREFORE Plaintiff Katrina Bridges, on behalf of her minor child, K.B. prays for judgment against Defendants awarding compensatory damages, attorneys' fees, special damages, punitive damages, and for any further relief this Court deems just, individually, jointly, and severally.

## COUNT IV – EXCESSIVE FORCE (CITY and NOPD)

43. Plaintiff repeats and incorporates the allegations of paragraphs one through forty-two (1-42) as though fully pled and stated herein.

44. This action for damages against Defendants CITY and NOPD for the excessive force, assaults, and batteries committed by Defendant former NOPD Officer Saulny, against Plaintiff's minor child.

45. At all relevant times hereto, the employee of Defendants CITY and NOPD was acting under the color of state law and within the scope of his employment with CITY and NOPD.

46. During all pertinent times, Defendant Saulny had a duty to refrain from using unreasonable excessive force against others, including Plaintiff's minor child.

47. Defendant Saulny, breached that duty by slamming the minor child on the ground, pushing the minor child into a cinder block holding cell wall, pushing his forearm in the minor child's neck area and striking Plaintiff's minor child on multiple occasions with four-point metal restraints, as more fully set out above, despite the officer's knowledge that this type of excessive force was not necessary, provided (1) this was a minor female child who

was not a threat to anyone else; (2) the minor female child weighed substantially less than the Officer; and (3) the Officer knew or should have known that the minor child suffered from mental illness.

48. Moreover, Defendant Saulny breached that duty by continuing to exercise unreasonable and unnecessary force against the minor child even after she was handcuffed.

49. CITY and NOPD are vicariously liable for the negligent and intentional misconduct of Defendant Saulny, its police officer, during the relevant time period.

50. As a direct and foreseeable result of Defendant Saulny's use of excessive force, as set forth above, Plaintiff's minor child suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering and emotional distress.

WHEREFORE Plaintiff Katrina Bridges, on behalf of her minor child, K.B. prays for judgment against Defendants awarding compensatory damages, attorneys' fees, special damages, punitive damages, and for any further relief this Court deems just, individually, jointly, and severally.

### COUNT V – NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION

51. Plaintiff repeats and incorporates the allegations of paragraphs one through fifty (1-50) as though fully pled and stated herein.

52. This is an action for damages against Defendants, CITY, MAYOR LANDRIEU, NOPD and NOPD SUPERINTENDENT HARRISON for excessive force and batteries committed by DEFENDANT SAULNY against Plaintiff's minor child.

53. At all relevant times hereto, the employee of CITY, MAYOR LANDRIEU, NOPD and NOPD SUPERINTENDENT HARRISON, was acting under the color of state law and within the scope of his employment with CITY and NOPD.

54. During this time period, it was the duty of Defendant Saulny, individually and as an officer, agent and/or employee of CITY, MAYOR LANDRIEU, NOPD and NOPD SUPERINTENDENT HARRISON to refrain from using unreasonable excessive force against others, including Plaintiff's minor child.

55. Defendant Saulny, breached that duty by slamming the minor child on the ground, pushing the minor child into a cinder block holding cell wall, pushing his forearm in the minor child's neck area and striking Plaintiff's minor child on multiple occasions with four-point metal restraints, as more fully set out above, despite the officer's knowledge that this type of excessive force was not necessary, provided (1) this was a minor female child who was not a threat to anyone else; (2) the minor female child weighed substantially less than the Officer; and (3) the Officer knew or should have known that the minor child suffered from mental illness.

56. Moreover, Defendant Saulny breached that duty by continuing to exercise unreasonable and unnecessary force against the minor child even after she was handcuffed.

57. Prior to the aforementioned misconduct of Defendant former NOPD Officer Saulny, Defendants CITY, MAYOR LANDRIEU, NOPD and NOPD SUPERINTENDENT HARRISON had a duty to use reasonable care to properly screen, train, hire, supervise and control their agents, employees, and police officers, including Defendant Saulny.

58. CITY, MAYOR LANDRIEU, NOPD and NOPD, NOPD SUPERINTENDENT HARRISON breached their duty by committing one or more of the following acts or omissions:

    a. Failing to properly train their police officers in the use of reasonable force;

    b. Failing to properly train their police officers in how to encounter and manage

      a situation involving a juvenile in general, and/or a juvenile that may be mentally ill;

c. Failing to properly train their police officers in the use of reasonable force in an encounter with a juvenile in general, and/or a juvenile with a mental illness;

d. Providing inadequate training regarding how to detain suspects and the proper amount of force appropriate;

e. Providing inadequate training regarding how to intervene to stop other officers from using excessive force in detaining suspects;

f. Providing inadequate training regarding how to detain a juvenile that is mentally ill and the proper amount of force appropriate;

g. Employing and retaining as police officers individuals, such as Defendant Saulny who CITY, MAYOR LANDRIEU, NOPD and NOPD SUPERINTENDENT HARRISON knew or reasonably should have known had dangerous propensities for abusing authority and for using excessive force;

h. Inadequately supervised, trained, controlled, assigned, and/or disciplined police officers and other personnel, including Defendant Saulny, who CITY, MAYOR LANDRIEU, NOPD and  NOPD SUPERINTENDENT HARRISON knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

i. Failing to supervise their police officers in the use of force against citizens in general and minors in particular;

    j. Failing to supervise their police officers in the use of force against minors who may suffer from mentally illness;

    k. Failing to properly screen candidates for employment as police officers;

    l. Failing to timely discover that Defendant Saulny was unfit to remain in a law enforcement position within CITY and NOPD;

    m. Retaining Defendant Saulny in a law enforcement position within CITY and NOPD despite knowledge that this officer was unfit for such position.

59. As a direct and foreseeable result of Defendant Saulny's use of excessive force, as set forth above, Plaintiff's minor child suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering and emotional distress.

WHEREFORE Plaintiff Katrina Bridges, on behalf of her minor child, K.B. prays for judgment against Defendants awarding compensatory damages, attorneys' fees, special damages, punitive damages, and for any further relief this Court deems just, individually, jointly, and severally.

## COUNT VI – ASSAULT

60. Plaintiff repeats and incorporates the allegations of paragraphs one through fifty-nine (1-59) as though fully pled and stated herein.

61. On September 23, 2014, NOPD officers, including Defendant Saulny, also CITY and NOPD, by and through their agents, servants, and employees, perpetrated an assault upon the person, mind and body of Plaintiff's minor child.

62. Prior to the physical battery upon Plaintiff's minor child, Defendants, by and through their words, actions, hand and/or body movements, intentionally, deliberately, maliciously, and wilfully acted aggressively putting the minor child in apprehension of a

future battery.

63. The aforementioned actions created a well-founded fear in Plaintiff's minor child that violence, as well as impermissible and harmful contact was imminent and that these officers were coupled with an apparent ability to commit violence against her.

64. At no time did Plaintiff's minor child give the Defendant officer at or near the moment of these events any consent, permission, or authority to assault her verbally, or through actions or conduct.

65. As a direct and foreseeable result of Defendant Saulny's use of excessive force, as set forth above, Plaintiff's minor child suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering and emotional distress.

WHEREFORE Plaintiff Katrina Bridges, on behalf of her minor child, K.B. prays for judgment against Defendants awarding compensatory damages, attorneys' fees, special damages, punitive damages, and for any further relief this Court deems just, individually, jointly, and severally.

## COUNT VII – BATTERY

66. Plaintiff repeats and incorporates the allegations of paragraphs one through sixty-five (1-65) as though fully pled and stated herein.

67. On September 23, 2014, Defendants Saulny, and/or CITY and NOPD, individually and together, and jointly and severally, and by and through their agents, servants, and employees intentionally, deliberately, maliciously, and wilfully battered and perpetrated a battery upon the person and body of Plaintiff's minor child.

68. At no time did Plaintiff's minor child give Defendants Saulny, and/or CITY and NOPD, or anyone, permission, consent or authority to touch her in any manner whatsoever,

let alone to batter her or attack her.

69.     As a direct and foreseeable result of Defendant Saulny's use of excessive force, as set forth above, Plaintiff's minor child suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering and emotional distress.

WHEREFORE Plaintiff Katrina Bridges, on behalf of her minor child, K.B. prays for judgment against Defendants awarding compensatory damages, attorneys' fees, special damages, punitive damages, and for any further relief this Court deems just, individually, jointly, and severally.

Respectfully Submitted,

**Law Office of Michael J. Hall, L.L.C.**

s/Michael J. Hall_____
**MICHAEL J. HALL (#28067)**
**JONIQUE MARTIN HALL (#28137)**
1010 Common Street, Suite 2340
New Orleans, LA 70112
Telephone:  (504) 383-5294
Facsimile:   (504) 309-4678
**Attorney for Plaintiff**