| | |
|---|---|
| **KATRINA BRIDGES ON BEHALF OF.** | *CIVIL ACTION NO. 2:15-CV-04640 |
| **HER MINOR CHILD, K.B** | * |
| | * |
| **VERSUS** | *   **SECTION – I** |
| | *   **JUDGE:  LANCE M. AFRICK** |
| **CITY OF NEW ORLEANS, CITY OF** | * |
| **NEW ORLEANS MAYOR MITCHELL** | *  **MAG. JUDGE: SALLY SHUSHAN** |
| **"MITCH" J. LANDRIEU, NEW ORLEANS** | * |
| **POLICE DEPARTMENT, NEW ORLEANS POLICE** | * |
| **DEPARTMENT SUPERINTENDENT** | * |
| **MICHAEL S. HARRISON AND** | * |
| **TERRENCESAULNY** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### CROSSCLAIM BY TERRANCE SAULNY

Assuming the position as Crossclaimant, Defendant, **TERRANCE SAULNY**, states the following causes of action against The City of New Orleans, Mitchell "Mitch" J. Landrieu, Mayor of the City of New Orleans, in his official capacity, and Michael S. Harrison, Superintendent of Police for the New Orleans Police Department, in his official capacity, in crossclaim:

### 1.

Made Defendants in Crossclaim herein are:

a. The City of New Orleans (City, sometimes hereinafter), Crossclaim defendant, is a political

   subdivision of the State of Louisiana and a municipal corporation and at all relevant times was

   the employer of Terrance Saulny through the New Orleans Police Department (NOPD,

   sometimes hereinafter).

b.  Mitchell "Mitch" J. Landrieu, Crossclaim defendant, is a person of the full age of majority,

   Citizen of the United States, on information and belief, a resident of the Parish of Orleans, and

   was the Mayor of the City of New Orleans at all times herein, is being sued in his official

capacity and as Mayor of the City of New Orleans is liable for the actions in relation to the employment of Terrance Saulny through the New Orleans Police Department (NOPD, sometimes hereinafter).

c.  Michael S. Harrison, Crossclaim defendant, is a person of the full age of majority, Citizen of the United States, on information and belief, a resident of the Parish of Orleans, and was the interim and in turn Superintendent of Police for the New Orleans Police Department for the City of New Orleans, at all pertinent times herein and is being sued in his official capacity.

**2.**

Original jurisdiction is vested in this court pursuant to 28 U.S. C. §1331 as the original plaintiff alleges matters that arise under federal laws of the United States, and therefore, pursuant to 28 U.S.C. § 1367 has supplemental jurisdiction over all other claims that are so related to claims over which the court has original jurisdiction that form part of the same case or controversy.

**3.**

Defendant and Crossclaimant Terrance Saulny reasserts and realleges the Answer and defenses previously plead and filed in this matter as though copied herein inextenso.

**4.**

At all times herein, Mitchell "Mitch" J. Landrieu, Mayor of the City of New Orleans, in his official capacity, and/or Michael S. Harrison, Superintendent of Police for the New Orleans Police Department, in his official capacity, were policymakers responsible for the policies, customs, and procedures of the NOPD, as well as the hiring, training, supervision, discipline, and control of police officers, including Crossclaimant, Terrance Saulny, under their command and

were acting under color of law in the course and scope of employment with the City of New Orleans.

**5.**

The original lawsuit was filed by Katrina Bridges on behalf of her minor child K.B. who was allegedly injured while in the care custody and control of the New Orleans Police Department by Crossclaimant, Terrance Saulny, which is specifically denied.

**6.**

However, should the court find that Terrance Saulny caused any injuries or damages to plaintiff(s), said injuries and/or damages arise out of the City of New Orleans and NOPD policies that are the "moving force behind any constitutional violation, if found by the court, based on the following nonexclusive policies, procedures and customs of the City and NOPD:

a. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, Terrance Saulny and other NOPD police officers were not properly trained in their duties and responsibilities as it relates to juveniles;

b. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, Terrance Saulny and other officers were never trained in use of the 4 point restraint;

c. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, Terrance Saulny and other officers were never trained in how to take a juvenile down to put on the 4-point restraint;

d. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, Terrance Saulny was never trained in how to restrain a combative juvenile to put on the 4-point restraint;

e. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, the City and NOPD failed to establish adequate policies for the Youth Study Center located at 1100 Milton Street in the City of New Orleans;

f. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, NOPD through orders of Mayor Landrieu and/or Superintendent moved into the juvenile facility before the facility was ready;

g. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, the City and NOPD designed and laid out the Youth Study Center located at 1100 Milton Street in the City of New Orleans in such a way that jeopardized the safety of officers and youths;

h. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, the City and/or NOPD failed to secure benches in the holding cells at the juvenile facility, thereby, creating a risk of harm to the juveniles and NOPD officers.

i. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, cell doors at the juvenile facility were inadequate, could be and had been kicked in, thereby, creating a risk of harm to the juvenile and the officers.

j. As a result of inadequate policies, procedures, and customs of the City of New Orleans and NOPD, NOPD placed a supervisor, Sgt. Hutson Cutno, over Terrance Saulny who was inadequately trained, was present when the juvenile K.B. came in and could have refused her because she was belligerent and irate but did not. Then, he left the facility and later told Saulny that he just wanted to see how he would handle the situation.

k. Any and all other inadequate policies, procedures, and customs of the City of New Orleans and NOPD, that may have contributed or caused the actions or inactions of Terrance Saulny that may be proven at the trial of this matter.

**7.**

The City/NOPD's policies, procedures, customs, and failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants and employees and is a "policy or custom" that is actionable under 42 USCA § 1983, thereby, making the City/NOPD liable for any actions or inactions of Terrance Saulny.

**8.**

At all relevant times herein, any and all actions or inactions of Terrance Saulny were in the course and scope of his employment and reasonably incidental to performance of his duties as an employee of the City of New Orleans Police Department, while, restraining a combative juvenile refusing to obey a lawful command; so, any alleged tort was committed within the course and scope of his employment under Louisiana Civil Code Article 2320.

**9.**

As such, Terrance Saulny is entitled to and makes demand for a defense and payment of cost and attorney's fees by the City of New Orleans and the New Orleans Police Department.

**10.**

Terrance Saulny also prays that cost and attorney's fees be awarded in accordance with 42 USCA § 1988.

**RESERVATION OF RIGHTS**

To the extent permitted by law, Crossclaimant and defendant herein reserves his right to supplement and amend this Crossclaim and to assert additional causes of actions and defenses as future discovery may warrant and/or require.

**WHEREFORE**, Defendant and Crossclaimant, **TERRANCE SAULNY**,  respectfully requests that the Crossclaim be filed and that Crossclaim Defendants, The City of New Orleans, Mitchell "Mitch" J. Landrieu, Mayor of the City of New Orleans, in his official capacity, and Michael S. Harrison, Superintendent of Police for the New Orleans Police Department, in his official capacity, be duly cited and served with a copy of this Crossclaim, be duly ordered to appear and answer same and after all legal proceedings and trial be had, there be judgment in favor of petitioner Terrance Saulny and against Crossclaim Defendants, The City of New Orleans, Mitchell "Mitch" J. Landrieu, Mayor of the City of New Orleans, in his official capacity, and Michael S. Harrison, Superintendent of Police for the New Orleans Police Department, in his official capacity, individually**,** jointly, severally and/or in solido for such relief as is reasonable in the premises, together with costs, attorney's fees,  expert witnesses fees, legal interest, all general and equitable relief as the Court deems proper, and as the nature of the case may permit.

**Respectfully Submitted,**

/s *Wanda Anderson Davis*
_____

**WANDA ANDERSON DAVIS - # 16788**
**Leefe, Gibbs, Sullivan, and Dupré, LLC**
**One Lakeway Center, Suite 1470**
**3900 North Causeway Boulevard**
**Metairie, LA 70002**
**Telephone: 504-830-3990 Facsimile: 504-830-3998**
**Attorney for Defendant and Crossclaimant,**
**Terrance Saulny**

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically forwarded the above and foregoing Crossclaim as Counsel for Terrance Saulny by using the CM/ECF system address provided for electronic filing to Counsels of Record to all parties not represented by counsel/or not being noticed through the CM/ECF system on this 12th  day of February 2016.

/s *Wanda Anderson Davis*
**WANDA ANDERSON DAVIS**
