**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KATRINA BRIDGES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4640** |
| **NEW ORLEANS CITY, ET AL.** | **SECTION I** |

**ORDER AND REASONS**

The Court has pending before it a motion[1] filed by defendants, the City of New Orleans ("the City"), Mayor Mitchell J. Landrieu ("Mayor Landrieu") in his official capacity, and New Orleans Police Department ("NOPD") Superintendent Michael S. Harrison ("Superintendent Harrison") in his official capacity,[2] to dismiss the crossclaim filed by co-defendant, Terrance Saulny ("Saulny"). Saulny opposes the motion.[3] For the following reasons, the motion is granted.

**BACKGROUND**

Plaintiff filed the above-captioned lawsuit against Saulny as well as the City, Mayor Landrieu in his official capacity, and Superintendent Harrison in his official capacity.[4] According to the complaint, K.B., the minor daughter of plaintiff, Katrina Bridges, "was arrested and taken into

---

[1] R. Doc. No. 29.

[2] Because Saulny's crossclaims against the Mayor and the Superintendent in their official capacities are claims against the City itself, for convenience the Court will refer to Saulny's claim as one against the City alone and to the motion to dismiss as one filed by the City alone. *See, e.g.*, *Fleming v. Tunica Cty.*, 497 F. App'x 381, 383 n.1 (5th Cir. 2012) ("Since a suit against an individual government official in his official capacity is a suit against the municipality, we simply refer to this claim as being one against the County.") (internal quotation marks, alterations, and citation omitted).

[3] R. Doc. No. 36.

[4] Plaintiff also named the NOPD as a defendant, but she later voluntarily dismissed the NOPD. R. Doc. No. 12.

custody and brought to the Youth Study Center, located in Orleans Parish by officers of the New Orleans Police Department."[5] Plaintiff alleges that Saulny, an NOPD officer, "utilized unnecessary and excessive force on the minor female, which included, but is not limited to shoving the minor child; slamming the minor child on the ground in the process of which forcibly causing the minor child to hit her face on the cell bench; pushing the minor into the side of the cinder block holding cell wall; putting his forearm in her neck area; and striking the minor child on multiple occasions with four-point metal restraints in her head and face area, as well as other parts of her body, including the minor child's shoulder and hip, while utilizing vulgarity."[6]

Saulny filed an answer[7] and a crossclaim[8] against the City. In his crossclaim, Saulny denies liability, but alleges that "should the court find that [he] caused any injuries or damages to plaintiff(s)," such injuries were the result of assorted inadequate policies, procedures, and customs of the City and the NOPD.[9] According to his crossclaim:

> 7.
> The City/NOPD's policies, procedures, customs, and failure to train its employees in a relevant respect evidences a "deliberate indifference to the rights of its inhabitants and employees and is a "policy or custom" that is actionable under 42 USCA § 1983, thereby, making the City/NOPD liable for any actions or inactions of Terrance Saulny.
> 8.
> At all relevant times herein, any and all actions or inactions of Terrance Saulny were in the course and scope of his employment and reasonably incidental to performance of his duties as an employee of the City of New Orleans Police Department, while, restraining a combative juvenile refusing to obey a lawful command; so, any alleged tort was committed within the course and scope of his employment under Louisiana Civil Code Article 2320.

---

[5] R. Doc. No. 1, at 5.
[6] R. Doc. No. 1, at 5.
[7] R. Doc. No. 16.
[8] R. Doc. No. 28.
[9] R. Doc. No. 28, at 3-4.

9.

As such, Terrance Saulny is entitled to and makes a demand for a defense and payment of cost and attorney's fees by the City of New Orleans and the New Orleans Police Department.

10.

Terrance Saulny also prays that cost[s] and attorney's fees be awarded in accordance with 42 USCA § 1988.[10]

The City now moves to dismiss Saulny's crossclaim.

## STANDARD OF LAW

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v.*

---

[10] R. Doc. No. 28, at 5.

3

*Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

## ANALYSIS

In his crossclaim and his briefing, Saulny asserts that he is entitled to "a defense" in the form of attorney's fees and costs from his co-defendant, the City.[11] However, the general rule applied by United States and Louisiana courts prohibits recovery of attorney's fees absent an express statutory or contractual basis. *See La. Dep't of Transp. & Dev. v. Wagner*, 38 So. 3d 240, 241 (La. 2010) ("Attorneys fees are not allowed except where authorized by contract or statute."); *In re Asarco, L.L.C.*, 751 F.3d 291, 301 (5th Cir. 2014) ("In federal court, the American Rule prohibits awards of counsel fees to a prevailing party absent statutory authority, contractual authorization, or 'special circumstances.'").

Saulny fails to articulate an exception to the general rule that might obligate the City to pay for his attorney's fees. He does not allege the existence of a contractual basis or "special circumstances" authorizing recovery of fees. He also fails to cite an applicable statutory basis for fee-shifting.

With respect to 42 U.S.C. § 1988, if the City is ultimately found liable to plaintiff pursuant to 42 U.S.C. § 1983, that would make *plaintiff*, not Saulny, a prevailing party entitled to attorney's fees pursuant to that statute. With respect to Louisiana Civil Code article 2320, that article

---

[11]R. Doc. No. 28, at 5 (demanding "a defense and payment of cost and attorney's fees by the City" and "that cost and attorney's fees be awarded"); R. Doc. No. 36 ("Crossclaim–Cost and Attorney's Fees").

establishes respondeat superior liability, but it does not authorize or even suggest that an employee may recover his or her own attorney's fees from the employer. Saulny cites no other statutory basis for his claim for attorney's fees and, accordingly, he has failed to state a claim for attorney's fees.

Furthermore, Saulny articulates no specific basis for recovery of his costs from the City. Generally, "costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). But "[a] prevailing party is one who has been awarded some relief by the court." *See Sullivan v. Worley Catastrophe Servs., L.L.C.*, 591 F. App'x 243, 248 (5th Cir. 2014). Saulny has articulated no claim against the City other than his claim for attorney's fees, which claim fails as a matter of law for the reasons set forth above. Accordingly he has no claim against the City on which he can prevail such that he can ever be awarded costs from the City.

In the absence of any articulable basis pursuant to which the City could be obligated to pay for Saulny's attorney's fees and costs,

**IT IS ORDERED** that the City's motion to dismiss Saulny's crossclaim is **GRANTED** and Saulny's crossclaims against the City of New Orleans, Mayor Mitchell J. Landrieu, and Superintendent Michael S. Harrison are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, May 2, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**